**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Billy Charles JACKSON, Jr., Defendant–Appellant.**

Nos. 92–5181, 92–5185.

United States Court of Appeals, Tenth Circuit.

Nov. 9, 1993.

Paul D. Brunton, Tulsa, OK, for defendant-appellant.

David O'Meilia, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty. and John S. Morgan, Asst. U.S. Atty., with him on the brief), Tulsa, OK, for plaintiff-appellee.

Before ANDERSON, GARTH * and TACHA, Circuit Judges.

GARTH, Senior Circuit Judge.

Defendant Billy Charles Jackson entered a conditional plea of guilty to an indictment alleging violations of 21 U.S.C. §§ 841(a)(1) (manufacture or possession with intent to manufacture marijuana) and 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).[1]

Jackson now timely appeals the district court's final judgment, including sentence, claiming that the district court erroneously denied his motion to suppress evidence obtained in violation of the Right to Financial Privacy Act, 12 U.S.C. § 3420(a). Jackson also contends on appeal that the district court's determination of drug quantities attributable to him was improper and that his

mere possession of a loaded shotgun did not support a two-level sentence enhancement.

We have jurisdiction over the district court's final order pursuant to 28 U.S.C. § 1291, and will affirm.

I

In October 1991, the Internal Revenue Service and the United States Attorney's Office began an investigation of Jackson for suspected illegal financial transactions. The Government believed that Jackson had structured the purchase of financial instruments in a manner that circumvented financial institutions' statutory reporting requirements.

During the course of the investigation, grand jury subpoenas were issued for Jackson's bank records, as provided under the Right to Financial Privacy Act ("RFPA") 12 U.S.C. § 3401 et seq. The U.S. Attorney procured these records between January and March 1992. Using information culled from the subpoenaed bank records—and prior to returning those records to the grand jury—the Government then obtained a warrant to search Jackson's residence.

On April 23, 1992, government agents executed the search warrant and seized over six hundred marijuana plants found growing in plain view. The agents also seized a loaded shotgun belonging to Jackson. The banking records, subpoenaed between January and March 1992, were not returned to the grand jury until May 1992.

At trial, Jackson moved to suppress all evidence seized during the search of his house, claiming that the Government's use of the subpoenaed bank records to obtain a search warrant, prior to returning those records to the grand jury, violated 12 U.S.C. § 3420(a), thus invalidating the search warrant. The district court denied Jackson's motion. Jackson now appeals that determination.

Jackson also appeals a number of the district court's sentencing determinations.

* The Honorable Leonard I. Garth, Senior United States Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

1. Jackson also pled guilty to an information alleging violations of 31 U.S.C. §§ 5324(a)(3) and 5322(a) (structuring transactions to evade financial institution reporting requirements). These counts are not the subject of Jackson's appeal.

First, Jackson alleges that the Sentencing Guidelines' method of calculating the quantity of marijuana for sentencing purposes is unconstitutional. Second, Jackson asserts that the two-level enhancement he received under Sentencing Guidelines § 2D1.1(b)(1) was unfounded since there was insufficient evidence to support a finding that the shotgun seized by the Government was related to the drug offense.

## II

█ Jackson's chief argument is that the evidence seized during the search of his house should have been suppressed by the district court because the Government's search warrant was invalid, having been obtained in violation of 12 U.S.C. 3420(a).

When reviewing a district court's denial of a motion to suppress, we will accept the trial court's findings of fact unless clearly erroneous. The ultimate determination of the reasonableness of a fourth amendment search and seizure, however, and other questions of law, we review *de novo*. *United States v. Morgan*, 936 F.2d 1561, 1565 (10th Cir.1991).

Section 3420(a), Title 12 United States Code, provides in relevant part as follows:

Financial records about a customer obtained from a financial institution pursuant to a subpoena issued under the authority of a federal grand jury—

(1) shall be returned and actually presented to the grand jury ...

(2) shall be used only for the purpose of considering whether to issue an indictment or presentment by that grand jury, or of prosecuting a crime for which that indictment or presentment is issued, or for a purpose authorized by rule 6(e) of the Federal Rules of Criminal Procedure;

On its face, § 3420 does not prohibit the Government from using the subpoenaed bank records to obtain a search warrant before returning those records to the grand jury. Nor does the statute specify any time frame during which the Government is required to return subpoenaed bank records to the grand jury.

On the contrary, § 3420(a)(2) affirmatively authorizes the Government to use the information for a "purpose authorized by Rule 6(e) of the Federal Rules of Criminal Procedure." Rule 6(e)(3)(A)(i) permits the disclosure of otherwise prohibited information to "an attorney for the government for use in the performance of such attorney's duty." Clearly, a United States Attorney's duties include the application for, and use of, search warrants.

The Government argued before us that suppression is not an available remedy for violations of the Right to Financial Privacy Act, citing *United States v. Kington*, 801 F.2d 733 (5th Cir.1986) (*en banc*) (holding suppression of subpoenaed bank records not a remedy where bank records were not returned to grand jury). We need not address that argument here, however, because Jackson seeks to suppress not the bank records, but the marijuana plants which, it was admitted at oral argument, were in plain view.

█ It is axiomatic that police may seize contraband that is in plain view during a lawful search of a private area. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Jackson, as noted, concedes that the marijuana plants seized by the Government were in plain view. Consequently, the Government's seizure of the marijuana plants was consistent with the requirements of the Fourth Amendment.

In seeking suppression, Jackson alleges only that the "violation" of § 3420 occurred when the return was not made to the grand jury before the search warrant issued. Inasmuch as the statute contains no such provision, we can find no violation of 12 U.S.C. § 3420. Since Jackson does not allege that the Government's search warrant was otherwise defective, we have no trouble holding that the warrant, and the subsequent search of Jackson's house, were, in fact, constitutionally valid. Consequently, the district court's denial of Jackson motion to suppress was not in error and will be upheld.

## III

█ Jackson also contends that the District Court made a number of errors with respect to sentencing. First, Jackson argues that the Drug Quantity Table in Sentencing

Guidelines § 2D1.1(c) is unconstitutional to the extent that it provides that every marijuana plant is presumed to be equal to the greater of one kilogram or the actual weight of the marijuana. Second, Jackson argues that his two-level enhancement under § 2D1.1(b)(1), for possession of a dangerous weapon, was in error because there was no evidence linking the shotgun to a drug transaction.

When reviewing a district court's sentencing determination, we accept the trial court's factual findings unless clearly erroneous. We review questions of law de novo. *United States v. Roberts,* 898 F.2d 1465, 1468–69 (10th Cir.1990); *U.S. v. Lee,* 957 F.2d 778, 781 (10th Cir.1992) (reviewing *de novo* constitutional challenge to Sentencing Guidelines); *United States v. Irvin,* 906 F.2d 1424, 1426 (reviewing *de novo* question involving interpretation of Sentencing Guidelines).

### A.

Jackson's contention that the "1 plant = 1 kilogram" presumption in § 2D1.1(c) is not supported by scientific evidence and, thus, violates equal protection and due process, misses the mark inasmuch as the Congressional sentencing scheme is not based on a correlation between the weight and yield of individual marijuana plants. *United States v. Webb,* 945 F.2d 967 (7th Cir.1991).

Rather, as we recognized in *United States v. Lee,* 957 F.2d 778 (10th Cir.1992), "Congress intended to punish growers of marijuana by the scale or potential of their operation and not just by the weight of the plants seized at a given moment." *Id.* at 784. The Guidelines' drug equivalency provisions are rationally related to that objective. Consequently, in paraphrasing the holding of *Lee,* 957 F.2d at 784, we conclude that there can be no constitutional impediment to imposing the same penalty for one marijuana plant or for 100 grams of dried marijuana. Our holding in *Lee* is controlling. We, therefore, reject Jackson's constitutional challenge.

### B.

Finally, Jackson's assertion that his mere possession of a shotgun did not support the district court's imposition of a two-level sentence enhancement is equally unavailing. Section 2D1.1(b)(1) of the Sentencing Guidelines provides that a defendant's Base Offense Level should be increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed" by that defendant. The Commentary to § 2D1.1 states that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."

In *United States v. Roberts,* 980 F.2d 645, 647 (10th Cir.1992), we held that a trial judge may "enhance a drug defendant's sentence for mere possession of a dangerous weapon even if there is no evidence other than proximity to suggest the gun was connected to the offense." The Government bears the burden of proving by a preponderance of the evidence the defendant's possession of a dangerous firearm. Once that burden has been met, the Commentary creates an exception to the blanket rule that mere proximity is sufficient and the defendant bears the burden of proving that it was clearly improbable that the weapon was connected to the offense. *Id.*

Jackson does not contest that he was in possession of a firearm. Nor, has Jackson carried the burden imposed upon him to prove that it was clearly improbable that this weapon was connected to his offense. Indeed, Jackson has not called our attention to any evidence that the proximity of the weapon to the seized marijuana plants did not, by itself, warrant a two-level enhancement. As in *Roberts,* we cannot say that the trial judge was clearly erroneous in determining that the Commentary exception did not apply.

### IV

Because we find that Jackson's challenges to the district court's evidentiary and sentencing determinations are without merit, we will affirm the judgment of the district court.