**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MATTHEW SCOTT SIMPSON,

Defendant–Appellant.

No. 13-4004
(D.C. Nos. 2:12-CV-00204-TS and
2:08-CR-00733-TS-1)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Matthew Scott Simpson, a federal prisoner appearing pro se, seeks a certificate of

appealability ("COA") to challenge the district court's orders denying his 28 U.S.C.

§ 2255 habeas petition and his subsequent motion to reconsider. We deny a COA and

dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Simpson was charged with one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He pled guilty in the United States District Court for the District of Utah pursuant to a plea agreement. At a change of plea hearing, Simpson's counsel stated that the government had agreed to recommend that Simpson receive credit for time already served. The government replied, "[n]o objection to that, Your Honor." The trial judge stated that this would be noted for the record. Simpson was sentenced to ninety months' imprisonment, in compliance with the plea agreement; however, he did not receive credit for all of his time served in federal custody prior to sentencing.

Simpson filed a 28 U.S.C. § 2255 petition arguing that the government had breached the plea agreement because he had not properly received credit for time served. The district court denied a COA, determining that the government had not breached the agreement. Simpson then filed a motion to reconsider, which the district court concluded was a second or successive § 2255 petition and dismissed for lack of jurisdiction without transferring the petition to our court. Simpson timely appealed both of these decisions.

# II

A petitioner may not appeal the district court's denial of habeas relief without a COA. § 2253(c)(1)(B). We will grant a COA only if the petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). We construe Simpson's pro se filings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

First, Simpson challenges the district court's denial of his initial § 2255 habeas petition. He argues that the government breached the plea agreement because he did not receive credit for time served. The party asserting a breach bears the burden of proving the underlying facts by a preponderance of the evidence. Allen v. Hadden, 57 F.3d 1529, 1534 (10th Cir. 1995). "This Circuit uses a two-step analysis to determine whether the United States violated a plea agreement: the sentencing court should 1) examine the nature of the promise; and 2) evaluate the promise in light of the defendant's reasonable understanding of the promise at the time of the guilty plea." United States v. Guzman, 318 F.3d 1191, 1195-96 (10th Cir. 2003).

The district court properly determined that the government did not breach the plea agreement. As noted above, the government stated it had no objection to Simpson receiving credit for time served; the record does not reflect that the government advocated otherwise. Moreover, the determination of a sentence credit is a matter left to the Federal Bureau of Prisons ("BOP") under 18 U.S.C. § 3585(b). Section 3585(b) allows a federal defendant to be given credit toward his federal term of imprisonment only if that time "has not been credited against another sentence." § 3585(b)(2). Applying § 3585(b), the BOP did not credit all of Simpson's time served prior to sentencing because part of it had been spent serving a sentence issued by the State of

Arizona. We conclude that the district court properly dismissed Simpson's first § 2255 petition.

Second, Simpson claims that it was erroneous for the district court to deny his motion for reconsideration after construing it as a second or successive § 2255 habeas petition, and he argues that the interests of justice require this court to consider whether his plea agreement was breached. The district court properly construed Simpson's motion for reconsideration, filed pursuant to Rule 59(e), as a second or successive habeas petition. A Rule 59(e) "motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006) (construing a Rule 60(b) motion); United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006) (holding that Rule 59(e) motions must be construed like Rule 60(b) motions in the second or successive habeas context). Simpson's motion for reconsideration argues that the government breached his plea agreement because he did not receive credit for time served—precisely as his first § 2255 petition did.

The district court did not abuse its discretion in determining that it was not in the "interest of justice" to transfer the motion to our court for authorization. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) ("Factors considered in deciding whether a transfer is in the interest of justice include . . . whether the claims alleged are likely to have merit . . . ."). As stated above, Simpson's claim that the government breached the plea agreement lacks merit. The district court was therefore correct to determine that there

-4-

was no risk that a meritorious claim would be lost absent a transfer to our court.  Id. at 1252 ("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization.").

Finally, we reject Simpson's argument that the Supreme Court's decisions in Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), authorize us to consider his second or successive § 2255 motion.  We recently rejected this claim in In re Graham, No. 13-3082, 2013 WL 1736588 (10th Cir. Apr. 23, 2013) (to be published in F.3d), holding that neither case satisfies § 2255(h)(2) because they do not establish a new rule of constitutional law.  Graham, 2013 WL 1736588 at *2.  We conclude that that the district court properly dismissed Simpson's motion for reconsideration for lack of jurisdiction without transferring the motion to our court.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-5-