**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANSELMO REYES-SOTO,

Defendant - Appellant.

No. 13-1475
(D.C. No. 1:13-CV-01794-LTB and
1:04-CR-00396-LTB-2)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Anselmo Reyes-Soto seeks a certificate of appealability (COA) to appeal

the district court's denial of his motion to vacate, set aside, or correct his

sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we DENY the

application for a COA and DISMISS the appeal.

## I. Background

In 2004, Reyes-Soto was convicted of possession with intent to distribute

500 grams or more of methamphetamine and sentenced to 235 months in prison.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We affirmed his sentence in 2006. *United States v. Reyes-Soto*, 184 F. App'x 777 (10th Cir. 2006).

Seven years after the conclusion of his direct appeal, in 2013, Reyes-Soto filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court denied the motion as untimely. Reyes-Soto did not appeal that decision and instead filed a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. The district court construed that motion as a second § 2255 petition and accordingly dismissed it for lack of jurisdiction.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to obtain a COA before he can appeal denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA requires the applicant to make a "substantial showing of the denial of a constitutional right." § 2253(c)(2).

### A. Second Habeas Petition

The district court properly construed Reyes-Soto's Rule 59(e) motion as a second habeas petition, *United States v. Pedraza*, 466 F.3d 932, 934 (10th Cir. 2006), and properly dismissed it for lack of jurisdiction, *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). But we do not end our analysis there. Construing Reyes-Soto's filings broadly—as we must do for a *pro se* petitioner, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)—we consider his appeal as a request to file a second habeas petition. *Pedraza*, 466 F.3d at 934.

To secure this court's permission to file a second habeas petition, Reyes-Soto must establish that his claim is based on either newly discovered evidence or a new rule of constitutional law retroactively available to defendants. 28 U.S.C. § 2255(h).

Reyes-Soto cannot satisfy either requirement. He has never claimed that he has discovered new evidence. Instead, he argues under § 2255(h)(2) that the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), gives him a second bite at the apple. In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence constitutes an element of the crime that must be found by a jury beyond a reasonable doubt. *Id.* at 2155. But we have determined that, while *Alleyne* "actually does set forth a new rule of constitutional law," it has not "been made retroactive to cases on collateral review." *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (internal quotation marks omitted); *see also Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). Thus, *Alleyne* does not satisfy § 2255(h)(2).

Because Reyes-Soto has not met the standard for filing a second habeas petition, we deny his request for a COA and dismiss his appeal.

### B.  Timeliness under AEDPA

We recognize, however, that Reyes-Soto, in filing his Rule 59(e) motion, sought reconsideration of the district court's denial of his first § 2255 petition. If he had filed a timely appeal of that denial in this court, he would have been

entitled to such reconsideration and would not have had to clear the hurdles associated with successive habeas petitions. But, even if we could construe this appeal as a challenge to the district court's denial of his first habeas petition, we would not grant a COA because that petition was untimely.

A timely § 2255 motion must satisfy AEDPA's one-year statute of limitations. 28 U.S.C. § 2255(f). Reyes-Soto contends that the Supreme Court's decision in *Alleyne* restarts the clock from the date of the decision in 2013. But, as we have described above, *Alleyne*'s rule has not been made retroactively applicable. We therefore conclude that the one-year clock started to run when Reyes-Soto's conviction became final in 2006, and the district court correctly concluded that Reyes-Soto's first § 2255 motion, filed in 2013, was untimely.

## III. Conclusion

Finding that Reyes-Soto has failed to meet the standard necessary to file a second § 2255 motion and that his first § 2255 motion was untimely, we DENY his request for a COA and DISMISS the appeal. Further, Reyes-Soto's motion to proceed on appeal *in forma pauperis* is DENIED pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), and we order him to pay the full amount of the filing fee.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge

-4-