**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

KEITH ALLEN HENDRIX,

     Defendant-Appellant.

No. 14-6076
(D.C. Nos. 5:13-CV-00247-D and
5:09-CR-00189-D-1)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

After pleading guilty to unlawful drug and firearm possession, Keith
Hendrix sought post-conviction relief under 28 U.S.C. § 2255 on the ground that
his attorney rendered ineffective assistance.  The district court rejected this claim
and denied Mr. Hendrix's request for a certificate of appealability (COA).  Mr.
Hendrix responded with a motion to alter or amend the district court's judgment
pursuant to Fed. R. Civ. P. 59(e).  The district court, however, saw this as a second
or successive § 2255 petition, dismissed it for lack of jurisdiction, and declined to
transfer the petition to this court.  *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Now Mr. Hendrix asks us for a COA so he can appeal both of the district court's rulings. We may grant that request only if Mr. Hendrix makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And to do that Mr. Hendrix must show that reasonable jurists could debate (or agree on) a different resolution of his § 2255 petition or the merit of further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This much Mr. Hendrix has not done. To show ineffective assistance, he must demonstrate that his attorney performed deficiently and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Mr. Hendrix argues that his attorney performed inadequately because if the attorney had further investigated and discussed the facts of his case he would have seen there was no basis for the firearm charge lodged against him. According to Mr. Hendrix, that's because the statute only punishes firearm possession or use "in furtherance of" drug trafficking — and because the relevant firearms in this case were squirreled away, unloaded, in a night stand drawer that contained only drugs that weren't meant for sale (though drugs that *were* meant for sale were found on a table in the same room). R. at 24.

But even assuming for argument's sake that the attorney's lack of investigation or communication amounted to constitutionally deficient performance, Mr. Hendrix still hasn't made a debatable showing of prejudice. To be sure, inadequate advice in connection with plea negotiations causes prejudice

when it induces a guilty plea from a defendant who otherwise would have insisted on trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). And also when a more favorable deal could have been obtained from the prosecution without the deficient advice. *See Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) ("[W]here a plea offer has lapsed or been rejected" prejudice requires "a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.").

In this case, though, nothing in the record nor the facts Mr. Hendrix alleges now indicates he would have insisted on trial or obtained a more favorable deal by fighting the § 924(c) charge more vigorously. For one thing, even taking the facts as he says they were, it's hardly obvious the government would have dropped the § 924(c) charge or that after a trial he would have been acquitted. *Cf. United States v. Bobadilla-Pagán*, 747 F.3d 26, 35-36 (1st Cir. 2014) ("[T]his court [has] affirmed a conviction for possession 'in furtherance of' a drug trafficking crime where the defendant kept an unloaded gun under a bed in a drawer that was blocked by a duffel bag, a trash can, and box of books, even though there was no ammunition in the house and the drugs were stored in a separate room."). Beyond even that, it's undisputed that in exchange for Mr. Hendrix's guilty plea the

prosecution dropped a separate charge for unlawfully possessing a firearm as a felon. And Mr. Hendrix's five-year sentence under § 924(c) could easily have seemed a good exchange for not being exposed to punishment for the possession as a felon offense. After all, if Mr. Hendrix had been convicted of knowingly committing that offense, under the relevant statutes he could have been sentenced to as many as *ten* years in prison. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). Given all this, Mr. Hendrix hasn't raised a reasonable probability that he would have gone to trial or obtained a better deal with better legal representation. And so he hasn't made a debatable showing of prejudice for his ineffective assistance of counsel claim.[1]

Next Mr. Hendrix seeks to challenge the district court's ruling that his Rule 59(e) motion to alter or amend the judgment was in substance a second or successive § 2255 petition. It's settled in this circuit that a Rule 59(e) motion that simply "asserts or reasserts a federal basis for relief from the petitioner's underlying conviction is actually a second or successive . . . § 2255 motion." *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (internal quotation marks omitted). In this case, Mr. Hendrix's Rule 59(e) motion faulted the district

---

[1] Neither may we issue a COA because the district court refused to hold an evidentiary hearing. Mr. Hendrix's claim fails even assuming the relevant facts are just as he alleges. *See, e.g.*, *United States v. Gonzalez*, 596 F.3d 1228, 1244 (10th Cir. 2010) ("Having carefully examined the record on appeal, we readily conclude that there were no relevant, disputed issues of fact that needed to be resolved, and in turn no need for an evidentiary hearing.").

court for not accepting his original arguments on the prejudice prong of the ineffective assistance inquiry. *See* Supplemental R. at 12-13. Reasonable jurists wouldn't debate the district court's conclusion that this amounted to an attempt to re-litigate a § 2255 claim that had already been denied. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006).

Moreover, even construing Mr. Hendrix's filings broadly, we see no other potential grounds for any relief. We cannot fault the district court for not exercising its discretion to transfer the second or successive § 2255 motion to this court because, as we have already seen, Mr. Hendrix's ineffective assistance claim lacks merit. *See United States v. Simpson*, 525 F. App'x 733, 735 (10th Cir. 2013). Neither could we entertain a second or successive motion in any event: Mr. Hendrix's arguments aren't based on newly discovered evidence or a new rule of constitutional law. *See* 28 U.S.C. § 2255(h); *United States v. Reyes-Soto*, 556 F. App'x 675, 677 (10th Cir. 2014).

Mr. Hendrix's application for a COA is denied and this appeal is dismissed. Mr. Hendrix's motion to proceed *in forma pauperis* is also denied and he is reminded that he must pay his filing fee in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge