**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW MOWERY,

Defendant - Appellant.

No. 12-2157

(D. New Mexico)

(D.C. Nos. 1:10-CV-01263-JAP-WPL
and 1:08-CR-02436-JEC-1)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Petitioner and appellant Matthew Mowery seeks a certificate of appealability

("COA") in order to appeal the denial of his 28 U.S.C. § 2255 petition.  His

petition  requested that his 288-month sentence be vacated and he be granted a

new sentencing hearing on the ground that his prior counsel was ineffective

during his sentencing proceedings.  Finding that Mr. Mowery has not met the

standards for the issuance of a COA, we deny him a COA and dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 32.1.

## BACKGROUND

In 2005, Mr. Mowery pled guilty to possession with intent to distribute methamphetamine. He was initially detained, but was ultimately released to his mother's home. In 2008, while Mr. Mowery was on release pending sentencing in his 2005 case, the Drug Enforcement Administration ("DEA") obtained a warrant and searched Mr. Mowery's home, because agents had learned that Mr. Mowery was distributing methamphetamine again.[1] When DEA agents discovered methamphetamine in Mr. Mowery's house, and he admitted to purchasing some of the drug with the intent to sell it later that day, he was arrested and charged with one count of possession with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(A).

Mr. Mowery was initially offered a Rule 11(c)(1)(C) plea agreement providing for a fifteen-year sentence in his current case, to run concurrently with his sentence (not yet imposed) from the 2005 case. He rejected that plea agreement, apparently on the assurance of his counsel that he (his counsel, James Baiamonte) could get him a better "deal."[2]

---

[1]Nothing explains the five-year delay between his conviction in 2005 and his sentencing for that conviction in 2010.

[2]According to the magistrate judge's proposed findings and recommendation in this case, which the district court adopted:

> [The United States Attorney James] Braun initially extended this plea offer to Mowery through attorney Hank Farrah, whom the Court

(continued...)

Ultimately, on Mr. Baiamonte's advice, Mr. Mowery accepted an alternative plea agreement which did not provide for a specific sentence and did not state that the sentences on the two convictions would run concurrently, but, rather, reserved the parties' rights to make arguments regarding the sentences at the time of sentencing:

> [T]he United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines and adjustment under the guidelines, and whether the sentence imposed in this case should be served consecutive to or concurrent with any other sentence.

Plea Agreement at 6, Def.'s App. at 44 (hereafter "App."). Mr. Mowery claims that Mr. Baiamonte gave him the final plea agreement five minutes before the change of plea hearing and told him that "he had a deal with Mr. Braun and that Mowery would not get a sentence higher than fifteen years." § 2255 Pet. at 2, App. at 2.

Mr. Mowery also claims that, during a meeting with Mr. Baiamonte several days prior to sentencing, he noticed that the presentence report ("PSR"), prepared

---

[2](...continued)
appointed in 2004 to represent Mowery in the first criminal matter. On February 11, 2009, the Court appointed Donovan Roberts to replace Farrah, and Braun extended the plea agreement via Roberts. On July 20, 2009, Mowery requested that the Court appoint new counsel, and the Court appointed Baiamonte. Braun then extended the same offer via Baiamonte.

Proposed Findings and Recommended Disposition at 2 n.2, App. at 179.

by the United States Probation Department in preparation for sentencing (in the instant 2008 case) under the advisory United States Sentencing Commission, Guidelines Manual ("USSG"), "incorrectly stated that the sentence would be consecutive." Pet. at 2, App. at 2.[3] The PSR provided as follows:

> Since the defendant committed the instant offense while on pretrial release, the sentencing enhancement pursuant to 18 U.S.C. § 3147 applies. . . . Any sentence of imprisonment imposed under 18 U.S.C. § 3147 must run consecutively to any other sentence of imprisonment.

PSR at ¶ 52, App. at 164 (emphasis added). This refers, however, to the enhancement imposed under § 3147 for committing a crime while on release; it does not refer to the total sentence for both crimes (2005 and 2008) committed by Mr. Mowery.

The PSR further calculated that Mr. Mowery's total offense level was 34 and his criminal history category was II, which yielded an advisory Guideline range of 168-210 months for the 2008 conviction.

Mr. Mowery avers that he asked Mr. Baiamonte to object to the PSR's recommendation for consecutive sentences, and Mr. Baiamonte assured Mr. Mowery that the sentence would be concurrent because of his "deal" with Mr. Braun. On January 29, 2010, Mr. Baiamonte filed a sentencing memorandum

---

[3]The record in this case does not contain the PSR in the 2005 case, No. 05-761. However, at the sentencing hearing in this case, at which Mr. Mowery was also sentenced for the 2005 conviction, the court recited that the PSR in that case calculated a total offense level of 31, a criminal history category of I and a guideline imprisonment range of 120-135 months, based upon a statutory mandatory minimum of 120 months.

with the district court, in which he requested that the sentences run concurrently, but did not specifically address or object to the PSR or its recommendation of consecutive sentences relating to the § 3147 enhancement portion of the 2008 sentence.

Sentencing on both the 2005 and the 2008 convictions took place on February 17, 2010. At the beginning of the hearing, the judge asked Mr. Baiamonte if he had reviewed the 2008 case PSR and if there was anything contained therein that he wished to bring to the court's attention. Mr. Baiamonte responded, "No, sir, nothing in the presentence report. We make no factual disputes." Tr. of Sentencing Hr'g at 2, App. at 24. Mr. Baiamonte then noted that he had filed a sentencing memorandum and that he was requesting a sentence of 168 months, explaining:

> He's asking for a sentence, the bare minimum that the Court can adjudge, and that would be a sentence of 120 months on the underlying [2005] offense with 48 months tacked onto that because he committed the two transgressions while he was out on conditions, or he committed a second transgression while he was out on conditions.

Id. at 3.[4]

_____

[4]While certainly not the most artful or clear way of expressing it, what Mr. Baiamonte was asking was, in essence, for the sentences to be run concurrently: 120 months for the 2005 conviction and 168 for the 2008 conviction, served concurrently. Or, as Mr. Baiamonte phrased it, 120 months for the 2005 conviction with another 48 months from the 2008 conviction "tacked on," thereby equaling a total sentence of 168 months.

The court proceeded to sentence Mr. Mowery to 120 months on the 2005 conviction. The court then turned to the 2008 conviction. After noting that the imprisonment range was 168 to 210 months, the court stated:

> The defendant committed the instant offense while he was on pretrial supervision pending a federal drug charge in . . . 05-761. Consequently, the Court will apportion the sentence according to 18 [U.S.C. § ] 3147 and [USSG] 3C1.3.
>
> As to [case] 08-2436, the defendant, Matthew Mowery, is committed to the custody of the Bureau of Prisons for a term of 121 months as to the indictment and 47 months pursuant to 18 [U.S.C. §] 3147, to run consecutively with each other.
>
> Pursuant to [USSG] 5G1.3(c), the sentence imposed shall run consecutively to the sentence imposed in . . . 05-761.

Id. at 7 (emphasis added). USSG §5G1.3(c), which the district court followed, provides that, "[i]n any . . . case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG §5G1.3(c), p.s. (emphasis added). As indicated, the court chose to have the sentence on the current offense run consecutively (rather than concurrently, as Mr. Baiamonte had requested—and, apparently expected) to the earlier one, for a total sentence of 288 months.[5] See 18 U.S.C. § 3584.

_____

[5]The court also referenced apportioning the sentence in accordance with USSG §3C1.3, which provides for a sentence enhancement pursuant to 18 U.S.C. § 3147 for the commission of an offense while on release. Application Note 1 to
(continued...)

Mr. Baiamonte did not object to the sentence. He later informed Mr. Mowery that he thought the judge had ordered that the sentences be served concurrently.

After the sentencing hearing, Mr. Mowery's family, who had attended the hearing, asked Mr. Baiamonte about the sentence, and Mr. Baiamonte apparently told them "not to worry" and that Mr. Mowery would serve only ten years. On March 18, 2010, Mr. Baiamonte wrote a letter to Mr. Mowery with "some bad news": he explained that, as the plea agreement which he attached to the letter clearly indicated, he had "waived [his] appellate rights." App. at 48.[6]

---

[5](...continued)
§ 3C1.3 states as follows:

> Under 18 U.S.C. § 3147, a sentence of imprisonment must be imposed <u>in addition</u> to the sentence for the underlying offense, and the sentence of imprisonment imposed under 18 U.S.C. § 3147 must run consecutively to any other sentence of imprisonment. Therefore, the court, in order to comply with the statute, <u>should divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement</u>. The court will have to ensure that the "total punishment" (<u>i.e.</u>, the sentence for the offense committed while on release plus the statutory sentencing enhancement under 18 U.S.C. § 3147) is in accord with the guideline range for the offense committed while on release . . . .

USSG §3C1.3, comment. (n.1) (emphasis added). Thus, the court in this case determined that the "total punishment" for the current 2008 conviction was 168 months, but, because 18 U.S.C. § 3147 applied, it apportioned the sentence into a 121-month segment for the underlying drug offense, and a 47-month segment pursuant to § 3147, for a total of 168, within the advisory Guideline sentencing range for the underlying offense. This satisfied USSG §3C1.3.

[6]Mr. Mowery had indeed waived his appellate rights, with the exception of
(continued...)

Despite his waiver of his appellate rights, Mr. Mowery filed a timely notice of appeal, which he subsequently withdrew. This § 2255 petition followed, in which Mr. Mowery argued that Mr. Baiamonte had provided ineffective assistance of counsel by (1) advising Mr. Mowery to reject the Rule 11(c)(1)(C) plea offer in which the government would agree to a sentence of 15 years and (2) by failing to argue for a concurrent sentence or make any argument whatsoever as to sentencing in the instant case. The government conceded that there was no procedural impediment to Mr. Mowery's claim of ineffectiveness in a § 2255 petition. See Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal").

The district court adopted the magistrate judge's proposed findings and recommended disposition, explained why it rejected Mr. Mowery's objections to that recommendation, and denied Mr. Mowery's § 2255 petition. It also denied a COA. This request for a COA followed, in which Mr. Mowery argues that the district court erred in finding that his counsel rendered effective assistance at the sentencing phase. He claims that "to render competent sentencing advocacy, counsel should have made an on the record objection at the sentencing hearing to

---

[6](...continued)
an argument about ineffective assistance of counsel.

-8-

the imposition of consecutive sentences, and made a fully developed argument as to the history of negotiations in the case with respect to the concurrent sentence recommendation, and the reasons for that recommendation." Appellant's Br. at 4-5.

**DISCUSSION**

As indicated above, Mr. Mowery seeks a COA to enable him to appeal the district court's dismissal of his § 2255 claims. Pursuant to 28 U.S.C. § 2253(c)(2), a prisoner seeking a COA must make a "substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Woodward v. Cline, 693 F.3d 1289, 1292 (10th Cir.), cert. denied, 133 S. Ct. 669 (2012). He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (further quotation omitted); United States v. Moya, 676 F.3d 1211, 1213 (10th Cir. 2012). Thus, when the district court has ruled on the merits of the prisoner's claims, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

"We recognize that in determining whether to issue a COA, a 'full consideration of the factual or legal bases adduced in support of the claims' is not

required." Moya, 676 F.3d at 1213 (quoting Miller-El, 537 U.S. at 336 ). Furthermore, bearing in mind "the standard of review governing a request for a [COA], . . . 'the district court's legal rulings on a § 2255 motion [are reviewed] de novo and its findings of fact for clear error.'" United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000) (quoting United States v. Pearce, 146 F.3d 771, 774 (10th Cir. 1998)).

"To succeed on an ineffectiveness-of-counsel claim, Defendant must make two showings: 'that counsel's representation fell below an objective standard of reasonableness,' rendering his or her performance deficient; and that the deficiency prejudiced the defense." Davis v. Workman, 695 F.3d 1060, 1071 (10th Cir. 2012) (quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). For Mr. Mowery to prove that he was prejudiced by Mr. Baiamonte's claimed ineffectiveness, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "These two prongs may be addressed in any order, and failure to satisfy either is dispositive." Hooks v. Workman, 689 F.3d 1148, 1186 (10th Cir. 2012) (citation omitted).[7]

---

[7]A defendant is, of course, entitled to the effective assistance of counsel during all phases of a trial and sentencing, including in connection with the
(continued...)

-10-

The magistrate judge's recommendation, and the district court's order adopting that recommendation and explaining why Mr. Mowery's objections to it were meritless, were thorough and careful. The court explained why Mr. Baiamonte's performance did not fall below professional standards. With respect to Mr. Mowery's claim that Mr. Baiamonte was ineffective in failing to object to consecutive sentences at the sentencing hearing, the court found the claim "factually unfounded. Baiamonte did make an argument for a concurrent sentence in the Sentencing Memorandum, which he filed prior to the hearing. For the purposes of ineffective assistance of counsel, the constitutional inquiry rests on whether an argument was made, not whether it was successful." Proposed Findings and Recommended Disposition at 7, App. at 184.

Regarding any argument that Mr. Baiamonte failed to object to the PSR's recommendation that the sentences be imposed consecutively, or that he was ineffective in failing to make an argument about the history of the negotiations concerning Mr. Mowery's sentence, the district court observed that "a counsel's failure to object to a PSR can only amount to deficient performance when the objection is meritorious." Id. at 8. The PSR's recommendation was not incorrect, given the applicable statutes and the Guidelines' advice; the history of the negotiations concerning the sentence could not "trump" the district court's

_____

[7](...continued)
evaluation of plea agreements. See Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376 (2012).

-11-

discretion to impose the sentence it felt reasonable, under those statutes and the Guidelines.[8]

Reasonable jurists would not debate the district court's conclusion that Mr. Baiamonte's performance was not below professional standards. While, as the district court acknowledged, Mr. Baiamonte may have given Mr. Mowery "bad advice" concerning the initial 15-year plea offer and been "inattentive[]" during the sentencing hearing, there can be no serious debate that the court correctly concluded that Mr. Mowery failed to establish unreasonableness under the first Strickland prong. See Byrd v. Workman, 645 F.3d 1159, 1168 (10th Cir. 2011) ("Our case law makes clear that '[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" (quoting Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1537 (10th Cir. 1994))).

Even were we to disagree with the district court and find, or assume, that Mr. Baiamonte's performance was inadequate to survive the first Strickland inquiry, we would still deny a COA as we would find Mr. Mowery has not shown that reasonable jurists could disagree as to whether he has shown prejudice. In the

---

[8]We note that, under Fed. R. Crim. P. 11(c)(1)(C), if the court accepts a plea agreement with a stipulated sentence, like the initial plea agreement offered in this case, that sentence binds the court. However, nothing compels the court to accept a plea agreement with a particular sentence.

case of a plea offer rejected because of ineffective assistance of counsel, the

Supreme Court has recently stated that:

> [A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler, 132 S. Ct. at 1385. As indicated, in light of all the circumstances surrounding this case–in particular, the fact that the court was well aware of its ability to sentence Mr. Mowery to concurrent sentences and Mr. Mowery's desire to receive such a sentence, yet it sentenced him to consecutive sentences--we would find no doubt that Mr. Mowery has failed to demonstrate that he suffered prejudice from any ineffectiveness in Mr. Baiamonte's discussion of the plea agreement with him.[9]

---

[9]We note that the Supreme Court has just granted certiorari involving the following question:

> Is a convicted defendant's subjective testimony that he would have accepted a plea but for ineffective assistance, standing alone, sufficient to demonstrate a reasonable probability that he would have accepted the plea?

Burt v. Titlow, 2013 WL 656043, 81 USLW 3276 (No. 12-414). Mr. Mowery does not allege specifically that he was prepared to accept the 15-year plea agreement when offered. He argues he rejected it on the basis of his counsel's bad advice.

-13-

## CONCLUSION

In sum, Mr. Mowery has failed to satisfy the standards for issuance of a COA, inasmuch as he has not made a substantial showing of the denial of a constitutional right. Accordingly, we DENY his request for a COA and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge