FILED
United States Court of Appeals
Tenth Circuit

February 9, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MATTHEW MOWERY,

     Defendant - Appellant.

No. 14-2140
(D.C. Nos. 1:10-CV-01263-JAR-WPL
and 1:08-CR-02436-JAP-1)
(D.N.M.)

ORDER
DENYING CERTIFICATE OF APPEALABILITY

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

Petitioner-Appellant Matthew Mowery, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his Fed. R. Civ. P. 59(e) motion to alter or amend an earlier judgment dismissing his 60(b)(4) motion for relief from final judgment. United States v. Mowery, No. CV 10-1263 JP/WPL (D.N.M. Feb. 2, 2014). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we deny Mr. Mowery's request for a COA and dismiss his appeal.

Background

In 2005, Mr. Mowery pled guilty to possession with intent to distribute

methamphetamine. Though initially detained, he was eventually released to his mother's home. In 2008, still on release pending sentencing, he was arrested and charged with another count of possession with intent to distribute methamphetamine. Mr. Mowery pled guilty and was sentenced to 120 months for the 2005 conviction and 168 months for the 2008 conviction to run consecutively, for a total sentence of 288 months.

Mr. Mowery subsequently filed a counseled 28 U.S.C. § 2255 motion to set aside his sentence for ineffective assistance of counsel based on his lawyer's recommendation to reject a plea agreement under which Mr. Mowery's sentences would have ran concurrently. The district court denied the motion and we denied a COA. United States v. Mowery, 512 F. App'x 824 (10th Cir. 2013).

Mr. Mowery next filed a pro se motion for relief from judgment under Fed. R. Civ. P. 60(b)(4), claiming that: (1) Judge Parker, who dismissed Mr. Mowery's § 2255 motion, had a "conflict of interest" because he was uncomfortable subpoenaing Judge Conway, who had sentenced Mr. Mowery, Aplt. App. A at 19; (2) there was a "defect in the integrity of [the] habeas proceedings," id. at 15; and (3) the court made assumptions about Judge Conway's state of mind without asking Judge Conway how he actually would have ruled, id. at 16. The district court found the motion "squarely attacks the Court's ruling on the merits of [Mr. Mowery's] original § 2255 motion" and thus amounted to a second or successive § 2255 motion, which the court dismissed for lack of jurisdiction. United States

v. Mowery, No. CV 10-1263 JP/WPL, at *3–4 (D.N.M. Dec. 6, 2013).

On January 6, Mr. Mowery filed a Rule 59(e) motion to amend or alter the district court's judgment dismissing his Rule 60(b) motion.  1 R. 5–9.  The district court found Mr. Mowery's motion, once again, amounted to an attack on the court's resolution of his original § 2255 motion on the merits and dismissed for lack of jurisdiction.  United States v. Mowery, No. CV 10-1263 JP/WPL, at *2–3 (D.N.M. Feb. 4, 2014).  Mr. Mowery filed a timely appeal.[1]

Discussion

For this court to grant a COA, Mr. Mowery must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Because the district court's ruling

---

[1] Notice of the district court's denial of Mr. Mowery's Rule 59(e) motion was initially sent only to his former counsel.  Unaware that the district court had ruled on his motion, Mr. Mowery requested a writ of mandamus from this court ordering the district court to rule on his motion, which we denied as moot.  In re Mowery, No. 14-2105 (10th Cir. July 3, 2014).  By the time Mr. Mowery filed his notice of appeal, this court dismissed the appeal as untimely.  But, this court remanded with directions to consider whether Mr. Mowery's motion to reopen the time to file an appeal should be granted.  United States v. Mowery, No. 14-2122 (10th Cir. July 17, 2014).  On July 31, 2014, the district court entered an order reopening the time to appeal, and this appeal followed.

rested on procedural grounds, Mr. Mowery was required to show that both his constitutional claims and the district court's procedural rulings were reasonably debatable. Id. Because Mr. Mowery has filed pro se, we construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Mowery sought relief under Rule 59(e), as he did under Rule 60(b), because: (1) "there was a defect in the integrity of the federal habeas proceedings" resulting in a denial of due process; (2) Judge Parker had a conflict of interest; and (3) the district court improperly assumed the sentencing judge would not have accepted an argument for concurrent sentences. Aplt. Br. 3–4. Rule 59(e) motions, like Rule 60(b) motions, constitute second or successive habeas petitions where they simply raise claims already rejected as part of earlier habeas proceedings. United States v. Pedraza, 466 F.3d 932, 933 (10th Cir. 2006). Because success on each of Mr. Mowery's claims would require a finding that the habeas court incorrectly ruled on the merits of his earlier ineffective assistance of counsel claim, the district court properly treated the motion as a second or successive § 2255 motion. In re Pickard, 681 F.3d 1201, 1206 (10th Cir. 2012). Thus, the district court had no jurisdiction to entertain Mr. Mowery's request. United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).

Therefore, we DENY Mr. Mowery's request for a COA and DISMISS his appeal. As the district court has now granted IFP status, we DENY his request as

- 4 -

moot.

                Entered for the Court


                Paul J. Kelly, Jr.
                Circuit Judge