FILED
United States Court of Appeals
Tenth Circuit

**February 22, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MATTHEW MOWERY,

    Defendant - Appellant.

No. 16-2242
(D.C. Nos. 1:16-CV-00900-JAP-LAM &
1:08-CR-02436-JAP-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Pro se federal prisoner Matthew Mowery seeks a certificate of appealability

(COA) to appeal the district court's dismissal of his motion under the Criminal Justice

Act of 1964, 18 U.S.C. § 3006A, as an unauthorized second or successive 28 U.S.C.

§ 2255 motion. We deny a COA and dismiss this matter.

In 2009, Mr. Mowery pleaded guilty to possession with intent to distribute 500

grams and more of a mixture and substance containing a detectible amount of

methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He voluntarily

dismissed his direct appeal. In 2010, through counsel, he filed a § 2255 motion alleging

that he received ineffective assistance of counsel in his plea negotiations and at

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentencing. The district court denied the motion, and this court denied a COA and dismissed the appeal, *United States v. Mowery*, 512 F. App'x 824, 830 (10th Cir. 2013). The district court then dismissed subsequent post-judgment motions as unauthorized second or successive § 2255 motions, and this court again denied a COA and dismissed the appeal, *United States v. Mowery*, 594 F. App'x 546, 548 (10th Cir. 2015).

In 2016, Mr. Mowery filed a document entitled "Defendant's PRO SE Motion Requesting a Special Discovery Hearing to Determine if the Level of Court-Appointed Representation Was Adequate, Pursuant to the Criminal Justice Act (18 USC § 3006A)," in which he complained that his counsel's ineffectiveness in his criminal case violated § 3006A and his constitutional rights. The district court clerk docketed the motion as one under § 2255. Mr. Mowery objected to the clerk characterizing his motion as a § 2255 motion. The district court determined, however, that the motion attacked the validity of Mr. Mowery's conviction, and therefore it properly was a § 2255 motion. Because it was an unauthorized, successive § 2255 motion, the district court dismissed it for lack of jurisdiction. Mr. Mowery now seeks to appeal.

To appeal, Mr. Mowery must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Where, as here, a district court has dismissed a filing on procedural grounds, for a COA the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

2

Although Mr. Mowery argues the merits of his claims, we need not consider the merits aspect of the *Slack* test because he has not satisfied the procedural aspect.

Mr. Mowery objects that the district court clerk filed his document as a § 2255 motion. He states that by so doing, the clerk "place[d] the Appellant into the 'rabbit holes' of procedure," divested him of his constitutional rights to access the courts and to due process, and "preclude[d] the presiding District Court Judge to be able to investigate the claims properly for resolution, to keep pertinent information 'swept under the rug' of justice." Opening Br./Request for COA at 5.

Mr. Mowery misunderstands the situation. The clerk performed a merely ministerial action in docketing the document as a § 2255 motion. In due course, the district judge evaluated the filing and determined, in an exercise of judicial decision-making, that it should be treated as an unauthorized successive § 2255 motion. The clerk's actions did not constrain the judge's decision or have any effect on Mr. Mowery's rights.

Further, no reasonable jurist could debate the district court's conclusion that Mr. Mowery's filing, ostensibly under § 3006A, was in reality a § 2255 motion. "28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner attacking the legality of his detention." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (internal quotation marks omitted). "A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . ." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (internal quotation marks omitted). "It is the relief sought, not his pleading's title, that

3

determines whether the pleading is a § 2255 motion." *Id.* at 1149. Mr. Mowery sought to attack the validity of his conviction by asserting that his counsel's performance violated his statutory and constitutional rights. Therefore, his motion was, in essence, a § 2255 motion. The district court did not err in treating the motion as such.

Moreover, Mr. Mowery previously sought relief under § 2255, making this motion an unauthorized successive § 2255 motion. "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id.* at 1148. Accordingly, no reasonable jurist could debate the district court's decision to dismiss the filing for lack of jurisdiction.

The motion for leave to proceed on appeal without prepayment of costs or fees is granted. But only prepayment of fees is waived, not the fees themselves. 28 U.S.C. § 1915(a)(1). A COA is denied and this matter is dismissed.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

4