**F I L E D**

PUBLISH

**October 25, 2006**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 05-2141

ENRIQUE PEDRAZA,

Defendant-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CIV-04-1433 MV)**

Submitted on the briefs:[*]

Enrique Pedraza, Pro se.

Before **BRORBY** and **EBEL**, Circuit Judges, and **KANE**,[**] District Judge.

**EBEL**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[**]    The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

Enrique Pedraza appeals from an order of the district court in this 28 U.S.C. § 2255 case denying his Fed. R. Civ. P. 59(e) motion. The motion sought reconsideration of the district court's order construing his Fed. R. Civ. P. 60(b) motion as a successive application under 28 U.S.C. § 2255. We conclude, pursuant to our decision in *Spitznas v. Boone*, No. 05-6236, 2006 WL 2789868 (10th Cir. Sept. 29, 2006), that the motion for reconsideration was itself in part a second § 2255 motion, and in part a "true" Rule 59(e) motion. We therefore now (1) affirm in part the denial of the Rule 59(e) motion; (2) vacate the denial, to the extent the motion constituted a second § 2255 motion; (3) construe Mr. Pedraza's request for a certificate of appealability (COA) as an application to file the second § 2255 motion; and (4) deny the application.

**Factual and Procedural History**

In 1991, Mr. Pedraza was convicted after a jury trial in federal court of conspiracy with intent to distribute, and possession with intent to distribute, in excess of five kilograms of cocaine. He was sentenced to 384 months' imprisonment. This court affirmed his conviction and sentence on direct appeal. *United States v. Pedraza*, 27 F.3d 1515, 1530-31 (10th Cir. 1994); *United States v. Pedraza*, No. 94-2267, 1995 WL 755265 (10th Cir. Dec. 21, 1995) (unpublished). We further denied COA and dismissed his appeal from the district

court's denial of his § 2255 motion. *United States v. Pedraza*, No. 98-2148, 1998 WL 802283 (10th Cir. Nov. 18, 1998) (unpublished).

On December 27, 2004, Mr. Pedraza filed a motion in district court entitled "Motion for leave of court to allow movant to restart the 1-year limitations period to file a § 2255 motion based on newly discovered evidence which warrants the application of equitable tolling principles – due to the prosecution's unlawful suppression of material evidence favorable to his defense during trial, appeal and original section 2255 limitation period." The district court, construing this motion as a second or successive § 2255 motion, ordered that it be transferred to this court for authorization pursuant to 28 U.S.C. § 1631.

On June 9, 2005, this court denied the transferred request for authorization to file a successive § 2255 motion. In the meantime, Mr. Pedraza filed a motion requesting the district court to reconsider its order transferring his 60(b) motion to this court. Although this motion was not filed in district court until March 3, 2005, it was placed in the prison mailbox within ten days of the district court's order. It therefore constituted a motion under Fed. R. Civ. P. 59(e). *See Berrey v. Asarco Inc.*, 439 F.3d 636, 641 n.3 (10th Cir. 2006) (stating "motion for reconsideration" filed within ten days of judgment is treated as Rule 59(e) motion).

In his Rule 59(e) motion, Mr. Pedraza urged the district court to reconsider its decision characterizing his prior pleading of December 27, 2004 as a

successive § 2255 motion rather than a "true" 60(b) motion. *See Spitnzas*, 2006 WL 2789868, at *1-*2 (explaining difference between treatment of successive habeas pleadings and true Rule 60(b) motions). The district court, noting that it had already transferred the underlying motion to this court as a second or successive petition, determined that it lacked jurisdiction over the motion to reconsider. In an order dated March 24, 2005, it therefore denied the motion to reconsider.

**Analysis**

In *Spitznas*, we explained that a purported Rule 60(b) motion that "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction" is actually a second or successive habeas petition (or, as in this case, a successive § 2255 motion),[1] requiring authorization by this court under 28 U.S.C. § 2244(b) in order proceed in the district court. *Id.*, at *1. Rule 59(e) motions are subject to the same characterization. *See United States v. Lambros*, 404 F.3d 1034, 1036-37 (8th Cir.) (concluding that a Rule 59(e) motion was subject to precertification because it "sought ultimately to resurrect the denial of [the] earlier § 2255 motion"), *cert. denied*, 125 S.Ct. 2953 (2005).

---

[1]    Although *Spitznas* involved the interplay between § 2254 and Rule 60(b), we have since stated that the same mode of analysis applies when addressing the restriction on second or successive motions contained in § 2255. *United States v. Nelson*, No. 06-6071, 2006 WL 2848113 (10th Cir. Oct. 6, 2006).

In his Rule 59(e) motion, Mr. Pedraza argued that the Rule 60(b) motion was in fact a "true" 60(b) motion, because it challenged the integrity of the final order entered in his original § 2255 proceedings. In support of this contention, Mr. Pedraza argued extensively that the Government had engaged in willful concealment of exculpatory evidence during the period of time when he could have filed his original § 2255 motion, and that he should now be permitted to raise a § 2255 claim under *Brady v. Maryland*, 373 U.S. 83 (1963). This was essentially the same argument he presented in his Rule 60(b) motion.

To the extent Mr. Pedraza's Rule 59(e) motion sought recharacterization of his Rule 60(b) motion as a "true" Rule 60(b) motion, his argument should have been addressed to this court, since the case had been transferred here and the request for authorization was pending. Therefore, the district court properly denied his motion. To the extent that the Rule 59(e) motion presented substantive argument reasserting a federal basis for relief from his underlying conviction, the district court should have transferred the motion to this court as an additional request to file a second § 2255 motion.

Thus, the portion of the Rule 59(e) motion that raised substantive arguments in support of a second § 2255 claim is itself a second § 2255 motion. We construe Mr. Pedraza's request for a COA as a request for authorization to file a second or successive § 2255 motion. In our order of June 9, 2005, we denied him authorization to file essentially the same § 2255 claim he seeks to file

now. Having considered Mr. Pedraza's arguments we see no reason to depart from our earlier decision denying authorization, and we therefore deny his request for authorization to file a second or successive motion.

We AFFIRM the district court's order denying Mr. Pedraza's Rule 59(e) motion, to the extent that the motion sought recharacterization of a Rule 60(b) motion already transferred to this court; VACATE the order to the extent that the motion constituted a second § 2255 motion and should therefore have been transferred to this court; construe Mr. Pedraza's request for COA as a request to file a second § 2255 motion, and DENY the same. We grant Mr. Pedraza's motion to proceed on appeal in forma pauperis.