FILED
United States Court of Appeals
Tenth Circuit

January 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BARRY D. NELSON,

    Defendant - Appellant.

No. 08-3279
(D.C. No.2:07-CV-02432-JWL and
2:04-CR-20048-JWL-1)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Barry Nelson, a federal inmate appearing pro se, seeks to appeal from the

district court's denial of his motion for reconsideration of the denial of his 28

U.S.C. § 2255 motion. 1 R. Doc. 126 (notice of appeal). Because we conclude

that Mr. Nelson has failed to show that the district court's ruling on the motion

for reconsideration (concerning his procedural claim) is reasonably debatable, we

will deny a certificate of appealability and dismiss that portion of the appeal. 28

U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Spitznas v.

Boone, 464 F.3d 1213, 1217-18 (10th Cir. 2007). We will affirm the district

court's order insofar as it dismissed Mr. Nelson's substantive claims contained in

the motion for reconsideration for lack of jurisdiction. See United States v.

Pedraza, 466 F.3d 932, 934 (10th Cir. 2006).

After a jury trial, Mr. Nelson was convicted of distribution of a mixture and substance containing cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (counts 1 and 3); maintaining a residence for distribution of cocaine base, 21 U.S.C. § 856(a)(1) (count 2); possession with intent to distribute 5 grams or more of a mixture or substance containing cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (count 4); use of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c) (count 5); and possession of a firearm by a felon, 18 U.S.C. §§ 922(g)(1) & 924(a)(2). 1 R. Doc. 73 at 2. He was sentenced to a term of 200 months; 140 months on counts 1, 2, 3, and 4; 120 months on count 6, all to run concurrently, with five years on count 5, to run consecutively, and eight years' supervised release. 1 R. Doc. 73 at 3-4. The aggregate term of imprisonment was later reduced to 120 months with 60 months consecutive. Docs. 114, 116. The judgment was affirmed on direct appeal. United States v. Nelson, 450 F.3d 1201 (10th Cir. 2006). Mr. Nelson sought certiorari which was denied. Nelson v. United States, 549 U.S. 937 (2006) (table). On September 10, 2007, Mr. Nelson filed his § 2255 motion claiming ineffective assistance of counsel. The district court denied the § 2255 motion. United States v. Nelson, Nos. 07-2432-JWL, 04-20048-01-JWL, 2007 WL 4241836 (D. Kan. Nov. 28, 2007).

Apparently, Mr. Nelson did not receive a copy of the order denying the § 2255 motion until he inquired in May 2008. Prior to that time, on March 31,

2008, Mr. Nelson had filed a supplement to his § 2255 motion.  On June 13, 2008, Mr. Nelson filed a motion for reconsideration of the denial of his § 2255 motion. The district court denied the motion for reconsideration insofar as it contained procedural claims and dismissed any new claims contained therein.  It declined to transfer the new claims to the circuit as second or successive claims.  United States v. Nelson, Nos. 04-20048-01-JWL, 07-2432-JWL, 2008 WL 4216118 (D. Kan. Sept. 12, 2008).

On appeal, Mr. Nelson argues that the district court erred in not considering all the issues contained in his supplemental filing, as urged by his motion for reconsideration.  Fed. R. Civ. P. 60(b) is available to challenge "some defect in the integrity of the federal habeas proceedings," but not the merits of the district court's order denying the § 2255 motion.  Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); see also Spitznas, 464 F.3d at 1215-16.  Mr. Nelson argued in his motion for reconsideration that the district court's denial of his § 2255 motion was void because the district court did not consider his supplemental filing.  The supplemental filing contained new substantive claims concerning the validity of the arrest warrant and the indictment, and reargued ineffective assistance of counsel.

Even granting that Mr. Nelson did not receive the district court's order on his § 2255 motion until many months after the order had been entered, the district court did not abuse its discretion in denying Mr. Nelson's motion for

reconsideration.[1]  First, Mr. Nelson's conviction became final on October 2, 2006 with the denial of certiorari.  The one-year limitation period would have expired on October 2, 2007.  See 28 U.S.C. § 2255(f)(1).  Thus, any new substantive claims contained in the March 31, 2008, supplemental filing would have been time-barred along with those raised in the motion for reconsideration.  The government did raise the one-year limitation problem.[2] 1 R. Doc. 122 at 3. Second, to the extent that the supplemental filing and motion for reconsideration reargued ineffective assistance claims, those claims are completely without merit. For example, Mr. Nelson was properly prosecuted on an indictment, Fed. R. Crim. P. 7(a)(1)(B), and a judge is not required to sign either the indictment or arrest warrant.  Fed. R. Crim. P. 9(b)(1) (clerk signs arrest warrant).  Finally, we agree with the district court that it was not in the interest of justice to transfer any new (or any for that matter) substantive claims to the court of appeals when it is apparent that such claims cannot meet the requirements of § 2255(h)(1) or (2).

---

[1]  We would reach the same result even if Mr. Nelson's motion were considered under Fed. R. Civ. P. 59(e).  See Pedraza, 466 F.3d at 933 (holding that Rule 59(e) motions are subject to the same limitations concerning second and successive motions as those arising under Rule 60(b)).  By the time the district court denied Mr. Nelson's § 2255 motion on November 28, 2007, the one-year limitation period of § 2255(f)(1) had passed.  A district court's decision on either a Rule 59(e) or Rule 60(b) is reviewed for an abuse of discretion.  Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008).

[2]  The government apparently overlooked Clay v. United States, 537 U.S. 522, 527 (2003), and also argued that the one-year limitation period began with the issuance of our mandate, rather than the denial of certiorari.

See In re Cline, 531 F.3d 1249, 1253 (10th Cir. 2008).

We DENY a COA and dismiss the appeal as to the procedural component of the Rule 60(b) motion; we affirm the district court's dismissal of the remaining substantive claims for lack of jurisdiction.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge