FILED
United States Court of Appeals
Tenth Circuit

April 14, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK JAY ALBERS,

Defendant - Appellant.

No. 14-6220
(D.C. No. 5:14-CR-0082-C-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **KELLY** and **GORSUCH**, Circuit Judges.

Pursuant to a plea agreement with a broad appeal waiver, Derrick Jay Albers

pleaded guilty on May 7, 2014, to one count of conspiracy to commit wire fraud, in

violation of 18 U.S.C. §§ 1343 and 1349, and was sentenced on October 23, 2014, to

120 months' imprisonment. Despite his appeal waiver, Mr. Albers filed a pro se

notice of appeal. The government has moved to enforce the appeal waiver under

*United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). On

---

[*] This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

November 20, 2014, we appointed new counsel to represent Mr. Albers in this matter. In light of the response prepared by counsel, we grant the government's motion to enforce and dismiss this appeal.

Under *Hahn*, we ordinarily consider three factors: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. But Mr. Albers "do[es] not contest the government's motion to enforce the plea agreement to the extent it seeks to bar a direct appeal." Aplt. Resp. at 6. As a result, we need not address the *Hahn* factors in this instance. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (stating that court need not address *Hahn* factor not in dispute).

Mr. Albers argues, however, that the appeal waiver should not be read to foreclose a future collateral attack raising a claim of ineffective assistance of trial counsel as to the plea agreement or his sentence. *See* Aplt. Resp. at 6. He "agree[s] with the government that the evidence in the record is insufficient to raise [this] issue in a direct appeal," *id.* at 2, but he wishes "to preserve his ability to collaterally attack the plea agreement or sentence," *id.* at 6. Because the government's motion is directed solely to the appeal now before us, we need not and do not decide whether the appeal waiver bars Mr. Albers from filing a future collateral attack raising a claim of ineffective assistance of counsel. *Cf. United States v. Cockerham*, 237 F.3d 1179,

1181 (10th Cir. 2001) (addressing a motion to enforce an appeal waiver against a motion under 28 U.S.C. § 2255).

Accordingly, we grant the government's motion to enforce the appeal waiver as to this appeal, and the appeal is dismissed.

Entered for the Court
Per Curiam
