**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON CLAYCOMB,

    Defendant - Appellant.

No. 15-8136
(D.C. Nos. 2:14-CV-00048-NDF &
2:07-CR-00196-CAB-5)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **GORSUCH**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Jason Claycomb, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to challenge the district court's decision construing his

Fed. R. Civ. P. 59(e) motion as an unauthorized second or successive 28 U.S.C.

§ 2255 motion and dismissing it for lack of jurisdiction. We deny a COA and

dismiss this matter.

A jury convicted Mr. Claycomb of the following drug trafficking and firearm

offenses: (1) conspiracy to possess with intent to distribute, and to distribute,

methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),

and 846; (2) possession of a machine gun in furtherance of a drug trafficking crime,

_____

  * This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in violation of 18 U.S.C. § 924(c)(1)(B)(ii); and (3) unlawful possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d), and 5871. He was sentenced to consecutive thirty-year terms for the first two offenses and a concurrent ten-year term for the third offense.

We affirmed Mr. Claycomb's convictions and sentence on direct appeal; however, the district court later vacated the ten-year concurrent sentence on ineffective-assistance-of-counsel grounds when it granted, in part, his initial § 2255 motion. Since that time, he has filed an unauthorized second or successive § 2255 motion, which the district court dismissed for lack of jurisdiction. He also has filed two Fed. R. Civ. P. 60(b) motions, which the district court dismissed as unauthorized second or successive § 2255 motions.

Mr. Claycomb's latest attempt to circumvent the authorization requirement comes in the form of a motion under Fed. R. Civ. P. 52(a) and 59(e), filed on June 1, 2015, with an attached memorandum of law in support of a motion to vacate under 28 U.S.C. § 2255(f)(4) (which he did not file separately). In his Rule 59(e) motion, he asked the district court to reconsider its denial of his last § 2255 motion, at least with respect to the drug quantities underlying his conviction. He repeated arguments from his prior § 2255 motion, asserting once again that newly discovered evidence shows the government did not establish all of the elements of the drug offenses through a credible lab report. He cited, in particular, a 2007 laboratory report by the Division of Criminal Investigation and excerpts from his co-defendant's plea hearing in 2008.

2

In an order dated December 3, 2015, the district court concluded that Mr. Claycomb's Rule 59(e) motion itself is a second or successive § 2255 motion, notwithstanding its title. A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Consequently, the district court dismissed the motion for lack of jurisdiction.

The district court explained that like a Rule 60(b) motion, a Rule 59(e) motion that "'in substance or effect asserts [or reasserts] a federal basis for relief from the petitioner's underlying conviction' is actually a second or successive . . . § 2255 motion and requires authorization by the circuit court in order to proceed in district court." *Claycomb v. United States*, No. 2:14-cv-00048-NDF, Doc. 29 (Order Dismissing Petitioner's Motion under Fed. R. Civ. P. 52(a)/59(e)) at 5 (D. Wyo. Dec. 3, 2015) (quoting *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006)). It further explained that one motion that falls into this category is a motion seeking leave to present "newly discovered evidence" to advance the merits of a claim that was denied previously. *Id.* at 5-6 (citing *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006)). It then dissected the Rule 59(e) motion and found that, in essence, Mr. Claycomb was reasserting a federal basis for relief from his underlying conviction. And it found Mr. Claycomb was not entitled to an exception to the bar on successive § 2255 motions under *United States v. Williams*, 790 F.3d 1059, 1068

3

(10th Cir.), *cert. denied*, 136 S. Ct. 604 (2015), because the evidence in question existed at the time he filed his initial § 2255 motion.

Mr. Claycomb now seeks a COA under 28 U.S.C. § 2253(c) to challenge this decision. To obtain one, he must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Even reviewing Mr. Claycomb's application with the liberality due pro se applicants, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), reasonable jurists could not debate that the district court was correct in its procedural ruling to treat Mr. Claycomb's Rule 59(e) motion as an unauthorized second or successive § 2255 motion and to dismiss it for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter.

Mr. Claycomb's request to proceed on appeal without prepayment of costs or fees is denied as moot. The relevant statute, 28 U.S.C. § 1915(a)(1), does not permit litigants to avoid payment of filing and docketing fees, only *prepayment* of those fees. Since we have reached the merits of this matter, prepayment of fees is no longer an issue. Though we have disposed of this matter on the merits, Mr. Claycomb remains obligated to pay all filing and docketing fees, a total of $505. He is directed to pay the fees in full to the Clerk of the District Court for the District of Wyoming.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

4