**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 10, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WAYNE LEE MARSHALL,

Defendant - Appellant.

No. 16-5147
(D.C. Nos. 4:16-CV-00276-CVE-TLW
and 4:00-CR-00155-CVE-1)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.

Wayne Marshall was convicted of possession of a firearm after felony conviction in violation of 18 U.S.C. § 922(g)(1). His sentence was enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), for having three previous convictions for a violent felony. Specifically, Mr. Marshall had four prior convictions for second-degree burglary. After the Supreme Court invalidated the ACCA's "residual clause" in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and made *Johnson* retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016), Mr. Marshall filed a *pro*

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*se* § 2255 petition for habeas relief, arguing that his sentence enhancement is now unconstitutional under *Johnson*. The district court denied his request for relief.

Mr. Marshall now seeks a certificate of appealability to contest the district court's rejection of his petition. In order to obtain a COA Mr. Marshall must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to establish "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

This he has not done. Before the district court, Mr. Marshall suggested that his sentence runs afoul of *Johnson*. But as the district court explained this is not the case. In *Johnson* the Supreme Court declared only that the "residual clause" of the ACCA is unconstitutionally void for vagueness. Mr. Marshall was not sentenced under the residual clause. Rather, his sentence was enhanced under a separate provision of the ACCA governing burglaries. We see no grounds on which reasonable jurists might debate the propriety of the district court's analysis on this score. To be sure, in response to the district court's ruling on this score, Mr. Marshall filed additional papers seeking to suggest his state law burglary convictions do not qualify for enhancement under the ACCA's distinct provision governing burglaries. But the district court ruled that this amounted to an unauthorized second § 2255 petition. *See United States v. Pedraza*, 466 F.3d 932,

933-34 (10th Cir. 2006).  And Mr. Marshall does not offer any argument why this conclusion might be debatable; nor do we discern any of our own.

The request for a COA is denied and this matter is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge