FILED
United States Court of Appeals
Tenth Circuit

April 11, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DERRICK JAY ALBERS,

     Defendant - Appellant.

No. 16-6261
(D.C. Nos. 5:14-CR-00082-C-1 &
5:16-CV-00381-C)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MORITZ**, Circuit Judges.
_____

     Derrick Jay Albers, a federal prisoner proceeding without the assistance of

counsel, seeks a certificate of appealability (COA) to appeal the district court's dismissal

of his motion for amended judgment under Federal Rule of Civil Procedure 59(e) as an

unauthorized second or successive 28 U.S.C. § 2255 motion. We deny a COA and

dismiss this matter.

     In 2014, Mr. Albers pleaded guilty via plea agreement to conspiracy to commit

wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, and was sentenced to 120

months' imprisonment. His plea agreement included an expansive waiver of his

appellate and collateral-attack rights, with an exception only if he received a sentence

---

    [*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

above the guideline range. Notwithstanding the waiver, Mr. Albers appealed to this court; we dismissed the appeal on the government's motion to enforce the waiver. *See United States v. Albers*, 599 F. App'x 352, 353 (10th Cir. 2015) (unpublished) (per curiam).

In 2016, Mr. Albers filed a § 2255 motion alleging ineffective assistance of counsel in failing to object to the presentence report on three issues and causing him to unknowingly enter into the plea-agreement waiver. The government invoked the plea agreement's waiver of collateral attack in its response. Analyzing Mr. Albers' claim of ineffective assistance in entering into the waiver first, the district court stated his "claims of ineffective assistance . . . focus solely on his understanding of the appellate waiver and counsel's alleged failure to properly explain its scope," without any argument "that he would not have pleaded guilty." R. at 38. The district court determined these allegations were insufficient to impact the validity of the waiver, especially in light of the court's colloquy with Mr. Albers when accepting the plea, in which he affirmatively indicated he understood how broad the waiver was. The district court then concluded the waiver barred the remainder of Mr. Albers' § 2255 claims.

Mr. Albers then moved for amended judgment under Rule 59(e), arguing that this court "specifically and affirmatively held that the Defendant retained his right to raise such claims by 28 U.S.C. § 2255 motion under" our decision in *United States v. Cockerham*, 237 F.3d 1179, 1183–84 (10th Cir. 2001). R. at 44. He argued that neither the plea agreement nor plea hearing colloquy mentioned anything about the right to raise ineffective assistance claims on collateral attack. Mr. Albers called the waiver

2

"extremely ambiguous" because it merely stated he could not "collaterally challenge" his plea and sentence and did not specifically mention § 2255 or ineffective assistance. R. at 46–47. He insisted he would never have agreed to the waiver had he known it was this broad. The district court construed the Rule 59(e) motion as a second or successive § 2255 motion, "as it assert[ed] the Court erred in denying relief on the merits," and dismissed it for lack of jurisdiction. R. at 63, 66.

To appeal, Mr. Albers must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Where, as here, a district court has dismissed a filing on procedural grounds, for a COA the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not consider the merits aspect of the *Slack* test because Mr. Albers has not satisfied the procedural aspect.

Even reviewing Mr. Albers' application with the liberality due pro se applicants, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), there is nothing debatable about the district court's procedural ruling. In his Rule 59(e) motion, Mr. Albers effectively makes and builds on the same arguments he raised in his initial § 2255 motion. But a motion for amended judgment that revisits the merits of a district court's denial of a § 2255 claim is a second or successive claim. *See United States v. Pedraza*, 466 F.3d 932, 934 (10th Cir. 2006). And "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted

3

the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). The proper place to direct those arguments was to this court on appeal from the district court's first order, which Mr. Albers did not pursue in time. *See* Appeal No. 16-6260, slip op. (10th Cir. Nov. 3, 2016). We therefore discern no error in the district court's determination.

The motion for leave to proceed on appeal without prepayment of costs or fees is granted. But only prepayment of fees is waived, not the fees themselves. 28 U.S.C. § 1915(a)(1). We deny a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

4