**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

VICTOR LOPEZ,

    Petitioner - Appellant,

v.

STERLING CORRECTIONAL
FACILITY; CYNTHIA COFFMAN, the
Attorney General of the State of Colorado,

    Respondents - Appellees.

_____

VICTOR LOPEZ,

    Petitioner - Appellant,

v.

STERLING CORRECTIONAL
FACILITY; CYNTHIA COFFMAN, the
Attorney General of the State of Colorado,

    Respondents - Appellees.

_____

No. 18-1337
(D.C. No. 1:17-CV-03121-LTB)
(D. Colo.)

No. 18-1338
(D.C. No. 1:17-CV-03120-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **MATHESON**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

---

    * This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In Case No. 18-1337, Victor Lopez, a Colorado prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas application. In Case No. 18-1338, Lopez seeks a COA to appeal the court's denial of his motion for reconsideration.

Lopez is currently serving a lengthy prison sentence for his conviction on rape charges. Following unsuccessful efforts to challenge his conviction and sentence in the state court, he filed a 28 U.S.C. § 2254 federal habeas petition, which was denied. We denied a COA. *See Lopez v. Trani*, 628 F.3d 1228, 1232 (10th Cir. 2010).

In 2017, Lopez filed a second § 2254 petition in which he argued that the state court wrongly enhanced his sentence based on a prior conviction that had been dismissed. The district court concluded that the petition was an unauthorized second or successive § 2254 petition over which it lacked jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see also* 28 U.S.C. § 2244(b)(3)(A). The court also denied Lopez's motion to reconsider.

## Case No. 18-1337

To appeal, Lopez must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). Where, as here, a district court has dismissed the filing on procedural grounds—Lopez's failure to obtain authorization from this court to file a second or successive habeas petition—to obtain a COA he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

2

In Case No. 18-1337, Lopez fails to address the grounds for the district court's dismissal—that the court lacked jurisdiction to consider the application because it was subject to the restrictions on second or successive § 2254 applications. Instead, Lopez focuses on the merits of his claims, which we need not address because we can dispose of this matter based on the procedural ruling. *See Slack*, 529 U.S. at 485. Because no reasonable jurist could debate the court's procedural decision, we deny a COA.[1]

## Case No. 18-1338

As to Case No. 18-1338, the district court construed Lopez's motion for reconsideration as a true Rule 59(e) motion because it did not in substance or effect assert or reassert a federal basis for relief from the petitioner's underlying conviction. *See Gonzales v. Crosby*, 545 U.S. 524, 532, 533, 538 (2005); *see also United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006). Still, Lopez must obtain a COA to appeal. *See Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006). A COA may issue "if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2).

Grounds for relief under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d

---

[1] The district court dismissed Lopez's § 2254 application on the alternative ground that he was no longer in custody pursuant to the judgment he says was wrongly used to enhance his sentence. We do not reach the not-in-custody issue because no reasonable jurist could debate the court's procedural decision that the application was second or successive.

1005, 1012 (10th Cir. 2000). Here, the district court determined that Lopez failed to meet this test; rather, the motion repeated arguments the court previously considered and rejected.

"In cases like this one, where the decision appealed from involves a procedural ruling of the district court, a COA may only issue if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Spitznas*, 464 F.3d at 1225 (internal quotation marks omitted). Because no reasonable jurist could debate the court's procedural decision, we deny a COA.

### Conclusion

We deny COAs in Case Nos. 18-1337 and 18-1338 and dismiss these matters. We deny Lopez's motions to proceed in forma pauperis on appeal because he has failed to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

4