FILED
United States Court of Appeals
Tenth Circuit

August 14, 2019

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JAMES FAIRCLOTH,

　　Petitioner - Appellant,

v.

RICK RAEMISCH, Executive Director of
CDOC; JOHN CHAPDELAINE, Warden
of Sterling Corr. Fac.; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

　　Respondents - Appellees.

No. 18-1488
(D.C. No. 1:16-CV-02367-LTB)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **LUCERO**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

James Faircloth seeks to appeal the denial of relief under Fed. R. Civ. P. 60(b)

from a prior judgment dismissing his 28 U.S.C. § 2254 application.  For the reasons

explained below, we deny a certificate of appealability (COA) and dismiss this matter.

I

In 2009, Faircloth pleaded guilty in a Colorado court to identity theft and

aggravated motor vehicle theft.  He was sentenced to consecutive eight-year prison terms

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and did not appeal.[1]  In 2012, he sought post-conviction relief in the state courts.  His efforts failed, and in 2015, the Colorado Supreme Court declined to review the denial of post-conviction relief.

Faircloth then turned to the federal courts for relief.  In 2016, he filed separate habeas applications under § 2254, challenging his convictions and sentences.  After he filed an amended application, the district court consolidated the cases and denied relief, ruling that Faircloth's habeas application was time-barred under the governing one-year statute of limitations.  The court determined the deadline expired on July 25, 2010, tolling was unavailable, and Faircloth's § 2254 application was six years too late.

Faircloth moved the court to alter or amend its judgment under Fed. R. Civ. P. 59(e), insisting the one-year deadline should be equitably tolled because he relied on his attorney's incorrect advice concerning the statute of limitations.  He also asserted the state court that presided over his criminal proceedings lacked jurisdiction.  The district court rejected those arguments, ruling it was "undisputed that the § 2254 [application] was filed out of time by more than six years and that under applicable law equitable tolling was not warranted."  *Faircloth v. Raemisch*, 692 F. App'x 513, 517 (10th Cir. 2017) (unpublished) (brackets, ellipsis, and internal quotation marks omitted).  The court

---

[1] Faircloth was recently paroled, but the collateral consequences of his convictions, which he contests here, are sufficient to satisfy the in-custody requirement. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *cf. Rhodes v. Judiscak*, 676 F.3d 931, 932-33, 935 (10th Cir. 2012) (holding that habeas petitioner's challenge only to the length of his incarceration—not his convictions—was mooted by his release from prison because, although he was serving a term of supervised release, a favorable ruling could not redress his term of incarceration, and it was speculative that a favorable ruling would result in a reduction or elimination of supervised release).

also ruled that "Faircloth's contention regarding the state court's jurisdiction [was] not a cognizable claim under § 2254." *Id.* We subsequently denied a COA on both of these issues. *See id.* at 523-25.

Almost a year later, in May 2018, Faircloth returned to the district court seeking documents in his habeas case and requesting leave to proceed *in forma pauperis* (IFP). The district court denied the requests in a minute order, noting the case was closed. Faircloth continued to submit additional documents to the court, however, prompting it to enter another minute order denying all requests. The court reiterated that the case was closed, and it directed the clerk to strike any future filings. Nevertheless, Faircloth filed a Rule 60(b) motion, an affidavit (his own), and a motion to file an amended Rule 60(b) motion, all of which were summarily stricken by the clerk. Still undeterred, Faircloth moved for a status report on his purportedly amended Rule 60(b) motion; he also filed a supplemental memorandum and a second amended Rule 60(b) motion. The district court denied these filings in a third minute order, recounting the chronology of the proceedings and reiterating that the case was closed. The court advised Faircloth that any future filings would not be considered and again directed the clerk to strike any future filings. Faircloth appealed.

## II

"Our first task . . . is to consider each of the issues raised in the [Rule 60(b)] motion in order to determine whether it represents a second or successive [habeas] petition, a 'true' Rule 60(b) motion, or a mixed motion." *Spitznas v. Boone*, 464 F.3d 1213, 1224 (10th Cir. 2006 ). Faircloth's second amended Rule 60(b) motion reiterated

3

two previously rejected arguments that 1) the deadline for filing his § 2254 application should be equitably tolled because he relied on his attorney's incorrect advice concerning the statute of limitations, and 2) the state court that presided over his criminal proceedings lacked jurisdiction.

The first argument represents a "true" Rule 60(b) claim because it does not assert a federal basis for relief from the judgment of conviction; rather, it challenges only a procedural ruling that precluded a merits determination—the dismissal of his § 2254 application as barred by the statute of limitations. *See Gonzalez v. Crosby*, 545 U.S. 524, 532-33 & n.4 (2005); *Spitznas*, 464 F.3d at 1215-16. To appeal this ruling, Faircloth must obtain a COA. 28 U.S.C. § 2253(c)(1)(A); *Spitznas*, 464 F.3d at 1217-18.[2] We will issue a COA only if Faircloth "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Ordinarily, we would assess the district court's decision concerning the statute of limitations to determine whether it is debatable among jurists of reason. But as indicated above, another panel of this court has already answered precisely that question in denying a COA on this very same issue. *See Faircloth*, 692 F. App'x at 523 (denying a COA on the statute-of-limitations issue because "no reasonable jurist could debate the district court's determination that Mr. Faircloth is not entitled to equitable tolling with regard to

---

[2] We construe Faircloth's notice of appeal as a request for a COA. *See United States v. Springer*, 875 F.3d 968, 980-81 (10th Cir. 2017).

4

his § 2254 motion"). Our prior determination constitutes the law of the case, and we will not now revisit it. *See United States v. Pedraza*, 466 F.3d 932, 934 (10th Cir. 2006) (applying law-of-the-case doctrine to deny authorization to file a second or successive 28 U.S.C. § 2255 motion where the movant was previously denied authorization to file essentially the same claim). We therefore deny a COA to the extent Faircloth seeks to appeal the denial of the portion of his Rule 60(b) motion challenging the dismissal of his § 2254 application on statute-of-limitations grounds.

Faircloth's second argument reasserts his challenge to the state court's jurisdiction over his criminal proceedings. This is not a "true" Rule 60(b) claim, but rather, it is an unauthorized second or successive § 2254 claim because it challenges his convictions. *See Spitznas*, 464 F.3d at 1215 ("Under *Gonzalez*, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."). We have not authorized this claim, however, and thus the district court did "not even have jurisdiction to deny the relief sought in the pleading." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006). The court had only two options: it could either dismiss the motion for lack of jurisdiction to the extent it presented an unauthorized second or successive § 2254 claim or transfer it to this court if it were in the interests of justice to do so. *See United States v. Springer*, 875 F.3d 968, 972 (10th Cir. 2017). The court did neither and simply denied relief without subject matter jurisdiction. Faircloth challenges this ruling, but to appeal, he must first obtain a COA. 28 U.S.C. § 2253(c)(1)(A); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017).

Although our COA inquiry usually entails evaluating whether the district court's decision was debatable among jurists of reason, "we may deny a COA if there is a plain procedural bar to habeas relief, even though the district court did not rely on that bar." *Springer*, 875 F.3d at 981 (internal quotation marks omitted). Faircloth seeks to challenge the denial of relief on a claim that the district court did not have jurisdiction to deny. "Under these circumstances, reasonable jurists could not debate whether [Faircloth] could prevail on appeal when the district court lacked jurisdiction to issue a final order." *Id.* at 983. He is therefore not entitled to a COA on this claim. *See id.*

### III

For the foregoing reasons, we deny a COA and dismiss this matter with instructions to the district court to vacate its decision to the extent it lacked jurisdiction to deny the unauthorized second or successive § 2254 claim. *See id.* & n.14. Faircloth's motion to proceed IFP is denied, as is his motion to file an amended opening brief.

Entered for the Court

Nancy L. Moritz
Circuit Judge