FILED
United States Court of Appeals
Tenth Circuit

October 8, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARQESE LYNN PAYNE,

Petitioner - Appellant,

v.

JANET DOWLING, Warden,

Respondent - Appellee.

Nos. 18-5106, 18-5118
(D.C. No. 4:17-CV-00151-JHP-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Petitioner Marqese Payne, an Oklahoma state prisoner appearing pro se, seeks

a Certificate of Appealability ("COA") to challenge the district court's denial of his

28 U.S.C. § 2254 petition for post-conviction relief. He also seeks to proceed in

forma pauperis in Case No. 18-5118. We deny both Petitioner's request for a COA

and his request to proceed in forma pauperis.

I.

Petitioner entered blind guilty pleas—i.e., pleas of guilty without an agreement

on a specific sentence—to four charges: (1) first degree arson, (2) possession of a

---

[*] The case is therefore ordered submitted without oral argument. This order is
not binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

firearm, and (3) second degree burglary, all after former convictions of two or more felonies, and (4) reckless conduct with firearms, a misdemeanor. The state trial court accepted Petitioner's guilty pleas and imposed prison sentences of twenty years, three years, seven years, and six months, respectively, with all sentences to be served concurrently. The trial court also imposed a $25,000 fine against Petitioner on the first degree arson charge.

Petitioner filed a petition for writ of certiorari in the Oklahoma Court of Criminal Appeals ("OCCA"). The OCCA denied the writ of certiorari but lowered Petitioner's first degree arson fine to $10,000.

Petitioner then sought habeas relief in federal district court under 28 U.S.C. § 2254 because (1) his guilty pleas were not knowing, intelligent, and voluntary and (2) he was denied effective assistance of counsel. The district court denied Petitioner habeas relief.

Petitioner next filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure ("Rule") 59(e). The district court construed the motion as a second or successive § 2254 petition and denied the motion and a COA. Petitioner filed a notice of appeal (Case No. 18-5106).[2]

At the same time Petitioner filed the first notice of appeal, he filed another Rule 59(e) motion asking the district court to reconsider its finding that his initial Rule 59(e) motion was a second or successive § 2254 petition. The district court

---

[2] The district court granted Petitioner in forma pauperis status in Case No. 18-5106.

2

denied Petitioner's second Rule 59(e) motion after concluding it was a true Rule 59(e) motion and denied a COA. Petitioner then filed a second notice of appeal (Case No. 18-5118).[3]

## II.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[w]e will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, "the applicant must show 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" United States v. Taylor, 454 F.3d 1075, 1078 (10th Cir. 2006) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)); see also Dockins v.Hines, 374 F.3d 935, 938 (10th Cir. 2004) ("AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA."). Our "inquiry does not require [a] full consideration of the factual or legal bases adduced in support of the claims," but rather "an overview of the claims" and "a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Under AEDPA, we may grant an application for a writ of habeas corpus on behalf of an individual in state custody on a claim that was adjudicated on the merits

---

[3] Petitioner seeks to proceed in forma pauperis in Case No. 18-5118.

in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)(2).

## III.

## A.

Petitioner argues that his guilty pleas were not voluntary for three reasons. First, he argues that no one explained to him the concept of a blind guilty plea. Second, Petitioner believed the trial court would sentence him to mental health court or probation in exchange for his plea. Finally, he claims he was on medication when he entered his pleas and that the district court thus had a duty to inquire into his competency at that time.

"On review, a federal court may set aside a state court guilty plea only for failure to satisfy due process." Cunningham v. Diesslin, 92 F.3d 1054, 1060 (10th Cir. 1996). To satisfy due process, a guilty plea must be knowing, intelligent, and voluntary. Boykin v. Alabama, 395 U.S. 238, 241–43 (1969). To be a knowing and intelligent plea, "[t]he defendant need not understand every collateral consequence of the plea, but need only understand its direct consequences." United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002). To be voluntary, the decision to plead guilty must be the defendant's decision. See Fields v. Gibson, 277 F.3d 1203, 1213 (10th Cir. 2002) (explaining that a plea may be involuntary if counsel "materially

4

misinforms the defendant of the consequences of the plea" (quoting United States v. Rhodes, 913 F.2d 839, 843 (10th Cir. 1990))); United States v. Estrada, 849 F.2d 1304, 1306 (10th Cir. 1988) ("[C]oercion by the accused's counsel can render a plea involuntary.").

Petitioner alleges his pleas were "involuntary"[4] because no one explained to him the concept of a blind plea and he believed the trial court would sentence him to mental health court or probation in exchange for his guilty pleas. The OCCA determined Petitioner "understood the blind plea and was not led to believe he would be sentenced to mental health court or probation." The OCCA explained that "the record shows that the trial court clearly explained that sentencing would be determined by the court after a pre-sentencing investigation." The OCCA also referenced Petitioner's plea counsel's testimony that Petitioner indicated he understood the blind plea and was not led to believe he would be sentenced to mental health court or probation. On that basis, the OCCA denied relief.

The district court construed Petitioner's claim liberally as a challenge to the factual foundation of the OCCA's decision. The district court further construed Petitioner's application as arguing that the OCCA unreasonably applied the law from Brady v. United States, 397 U.S. 742 (1970), which describes characteristics of an intelligently made plea, and Boykin v. Alabama, 395 U.S. 238 (1969), which requires

_____

[4] On appeal, Petitioner challenges only the voluntariness of the pleas, not whether they were knowing or intelligent.

5

an affirmative record that a plea is entered voluntarily and intelligently. After a thorough analysis of the factual underpinnings and legal application of the OCCA's decision, the district court concluded that the state court record supports the OCCA's determination that Petitioner's pleas were knowing and voluntary.

Petitioner again contends that the trial court never explained "that a blind plea meant that there was no agreement with the state for a specific sentence." This, Petitioner claims, rendered his plea invalid. Petitioner now appears to argue that the trial court violated clearly established federal law, as determined by the Supreme Court under Boykin and Santobello v. New York, 404 U.S. 257 (1971).[5]

With respect to Boykin, the district court explained that the OCCA identified the correct legal principle guiding its review of Petitioner's due process claims. The OCCA relied on Cox v. State, 152 P.3d 244 (Okla. Crim. App. 2006), which applied Boykin to determine whether the defendant entered the plea voluntarily and intelligently. Id. at 255 (citing Boykin, 395 U.S. at 243), overruled on other grounds, State v. Vincent, 371 P.3d 1127, 1130 (Okla. Crim. App. 2016).

When "a run-of-the-mill state-court decision appl[ies] the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case," that application does

---

[5] While liberally construing Petitioner's pro se brief, we do not read it as alleging an unreasonable determination of the facts. In briefing, Petitioner concedes that the trial court explained multiple times what a blind plea entails. His argument now is limited to the quality of the trial court's description of a blind plea. Petitioner contends that because the trial court did not fully explain that there was no agreement for a specific sentence, his plea was involuntary. Accordingly, our analysis, unlike the district court's, is limited to Petitioner's allegations of legal error on this claim.

6

"not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." Williams v. Taylor, 529 U.S. 362, 406 (2000). Here, the OCCA cited the correct law. It then discussed the factual basis for its finding that Petitioner entered his plea voluntarily.[6] Thus, the district court correctly reasoned that Petitioner cannot demonstrate that the OCCA's decision was "contrary to" clearly established Supreme Court law.

The district court did not discuss the application of Santobello to Petitioner's claims.[7] Santobello discusses the effect of a failed promise by the prosecutor on a guilty plea. Santobello, 404 U.S. at 262. The Court explained:

> This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

A blind plea, however, "is a plea in which there is no binding agreement on sentencing, and punishment is left to the judge's discretion." Medlock v. State, 887 P.2d 1333, 1337 n.2 (Okla. Crim. App. 1994). Thus, Santobello is inapplicable to

---

[6] The OCCA acknowledged Petitioner's claim that he believed he would receive mental health court or probation when he entered his plea. Yet, the OCCA found that the trial court clearly explained that sentencing would be determined by the trial court after a pre-sentencing investigation. It further credited plea counsel's testimony that Petitioner understood the blind plea and was not mislead about the possibility of mental health court or probation. The OCCA then denied Petitioner relief on that claim.

[7] Petitioner raised this case as grounds for relief in his appeal to the OCCA, which he incorporated into his habeas application. Accordingly, we conclude he did not abandon this argument.

7

Petitioner's case. Accordingly, the OCCA did not unreasonably apply clearly established federal law, and Petitioner is not entitled to habeas relief on that basis.

Petitioner also argues that he believed he would receive mental health court or probation in exchange for his plea. However, Petitioner's subjective belief regarding the sentence he *might* receive is insufficient to render his plea invalid. See Cunningham v. Diesslin, 92 F.3d 1054, 1061 (10th Cir. 1996) ("A defendant's subjective understanding that he will serve less than one-half of his sentence, if it is not based upon any promise made by the defense attorney, the prosecutor, or the court, will not undermine the constitutionality of the plea").

Finally, Petitioner argues his pleas were not voluntary because he was on medication that affected his ability to understand the proceedings. With respect to this claim, we construe Petitioner's brief as alleging an unreasonable determination of the facts and an unreasonable application of federal law. We first discuss the factual issue.

The trial court and OCCA found that Petitioner was competent to enter his plea, and the district court determined this finding was reasonable. The district court determined that Petitioner signed a plea form before pleading guilty. Subsequently during the plea hearing, Petitioner advised the trial court, consistent with his answer on the plea form, that he was taking medications. The trial court then inquired into Petitioner's competency.

> THE COURT: Sir, are you currently taking any medications or substances which affect your ability to understand these proceedings?

8

PETITIONER: Medications, Sir.

THE COURT: What medications do you take—but can you understand what's going on here today?

PETITIONER: Sir, yes, sir.

. . .

THE COURT: All right. And, Counsel, do you find that Mr. Payne is competent to enter a plea today?

MR. WASS [Petitioner's plea counsel]: I do, Your Honor.

THE COURT: Is that based on your multiple conversations with him?

MR. WASS: Yes.

THE COURT: All right. And, Mr. Payne, were you able to review the Information or charges against you?

PETITIONER: Sir, yes, sir.

THE COURT: And did you understand those charges?

PETITIONER: Sir, yes, sir.

Following this exchange, the trial court accepted Petitioner's pleas. On this record, the OCCA also found that Petitioner was competent to enter the pleas. The district court concluded these findings were reasonable.

State court findings are presumed correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Here, no evidence exists other than Petitioner's after-the-fact assertion that his medication affected his competency to enter the plea. That assertion, however, is contradicted by Petitioner's own

9

statements to the trial court and the trial court's and OCCA's factual findings. Accordingly, the state court reasonably determined Petitioner's competency.

Apart from Petitioner's factual contentions, he argues that the trial court should have inquired into the type and effects of the medication he was on prior to finding him competent to enter a plea. Petitioner claims this was contrary to clearly established federal law. Petitioner, however, did not raise his theory in his initial § 2254 habeas application to the district court. Because Petitioner did not raise that potential merits argument before the district court, we will not consider it. Harmon v. Sharp, 936 F.3d 1044 (10th Cir. 2019).

B.

Petitioner alleges his plea counsel—Benjamin Wass—was ineffective for not adequately explaining the consequences of entering a blind plea. Had he known the actual range of punishment, Petitioner claims he would have proceeded with trial.

A defendant has a constitutional right to "the effective assistance of competent counsel" during plea and plea withdrawal proceedings. Padilla v. Kentucky, 559 U.S. 356, 364, 373 (2010). To prevail on an ineffective assistance of counsel claim, a defendant must show (1) his counsel's performance was deficient and (2) the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Hill v. Lockhart, 474 U.S. 52, 58 (1985) (holding "that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel"). To satisfy the first prong of Strickland, a defendant must overcome the strong presumption that his counsel acted within the

10

wide range of reasonable professional assistance and show counsel's actions were "completely unreasonable, not merely wrong." Fields, 277 F.3d at 1215. As to the second prong, in the context of a guilty plea, a defendant can show prejudice by demonstrating "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

A defendant's mere allegation that he would have insisted on going to trial is insufficient to establish prejudice. Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001). Rather, "to establish prejudice based on counsel's failure to advise his client of certain consequences of a guilty plea, a defendant 'must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" Bonney v. Wilson, 754 F.3d 872, 884 (10th Cir. 2014) (emphasis omitted) (quoting Padilla, 559 U.S. at 372).

The OCCA's decision simply stated that it reviewed Petitioner's claim under Strickland and found no basis for relief. But when a state court applies the correct federal law to deny relief, the sole question for a federal habeas court is whether the state court applied the law "in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699 (2002); see also Harrington v. Richter, 562 U.S. 86, 101 (2011) ("The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard."). This is true even when the state court fails to explain its reasons for rejecting a constitutional claim. Harrington, 562

U.S. at 98 ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

The district court determined that Petitioner's ineffective-assistance-of-counsel claims were simply a repackaging of the same arguments he presented in support of his due process claims. On that ground, the district court concluded that Petitioner had not shown the OCCA applied the law in an objectively unreasonable manner.

Petitioner still has not made the requisite showing. Petitioner's only argument is that had he known the consequences of entering a blind guilty plea, he would have proceeded to trial. This mere allegation, however, is not enough. Miller, 262 F.3d at 1072 ("[A] petitioner's 'mere allegation' that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief."). Accordingly, no reasonable jurists could debate the OCCA's resolution of Petitioner's ineffective assistance of counsel claim. Slack, 529 U.S. at 484.

## C.

Petitioner argues that the district court abused its discretion by treating his first Rule 59(e) motion to alter or amend the judgment as a second or successive habeas petition. Ordinarily, to obtain relief under Rule 59(e), the movant must demonstrate (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). When a habeas petitioner files a Rule 59(e) motion, however, the court must first determine whether

the motion is a "true" Rule 59(e) motion or whether the motion should be treated as a second or successive habeas petition. See Spitznas v. Boone, 464 F.3d 1213, 1215–16 (10th Cir. 2006) (holding that "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction," as opposed to a "true" Rule 60(b) motion, which "(1) challenges only a procedural ruling of the habeas court . . . or (2) challenges a defect in the integrity of the federal habeas proceeding") (citing Gonzalez v. Crosby, 545 U.S. 524, 532 & n.4 (2005)); see also United States v. Pedraza, 466 F.3d 932, 933 (10th Cir. 2006) (holding that Rule 59(e) motions are subject to the same treatment as Rule 60(b) motions under Spitznas).

A Rule 59(e) motion challenging either a procedural ruling of the habeas court or a defect in the integrity of the habeas proceeding is a "true" Rule 59(e) motion. Spitznas, 464 F.3d at 1215-16. In contrast, when a Rule 59(e) motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [the motion] is . . . a second or successive habeas petition." Pedraza, 466 F.3d at 933 (internal quotation marks omitted). "The distinction is important because [28 U.S.C.] § 2255(h) deprives a district court of jurisdiction over uncertified second or successive habeas petitions." United States v. Williams, 790 F.3d 1059, 1068 (10th Cir. 2015).

Petitioner's first Rule 59(e) motion argued that he is entitled to relief because his pleas were not knowing and voluntary because he told the trial court during the plea hearing that he was taking medication, the trial court did not further inquire

13

about the type and effects of the medication, and the trial court accepted his counsel's representation that he was competent to enter his pleas.

The district court treated the motion as a second or successive petition under § 2254 and dismissed it for lack of jurisdiction. That characterization is correct. The Rule 59(e) motion did not assert a procedural defect affecting the district court's resolution of Petitioner's initial § 2254 petition. Spitznas, 464 F.3d at 1215–16. Instead, it reargued and expanded upon the substantive challenges to Petitioner's underlying claim. As such, it is not a "true" motion to alter or amend judgment under Rule 59(e). See id. Thus, the district court's conclusion that Petitioner's Rule 59(e) motion was not a true motion to alter or amend judgment, but was instead a successive petition under § 2254 over which it lacked jurisdiction, is not subject to debate. Slack, 529 U.S. at 484. Accordingly, we agree with the district court that Petitioner provided the district court with no support for reversing its decision about the status of the first Rule 59(e) motion as a successive § 2254 petition.

IV.

For the reasons set forth above, we deny Petitioner's application for a COA.[8]


Entered for the Court


Joel M. Carson III
Circuit Judge

---

[8] Because Petitioner fails to present any reasoned, nonfrivolous argument to support his appeal of his Rule 59(e) motion (Case No. 18-5118), we conclude that Petitioner's appeal lacked good faith.  See Coppedge v. United States, 369 U.S. 438, 444 (1962).  Accordingly, we deny in forma pauperis status in that case.